## Lucien B. Williams *vs.* Roger Williams Insurance Company.

The liability of a mortgagee as indorser of the mortgage note to an assignee of the mortgage gives him an insurable interest in the mortgaged property. And that interest is sufficiently described by calling him "mortgagee," in a policy of insurance, which provides that if the interest of the assured in the property is any other than entire, unconditional and sole ownership it shall be so expressed, and that his interest, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, shall be truly stated therein.

CONTRACT on a policy of insurance, dated July 5, 1870, by which the defendants insured " Little and Stanton, mortgagees," in consideration of a premium by them paid, $3500 for one year on certain buildings and fixed machinery, " situate in Huntington, Mass., and known as the C. F. Whitaker & Co.'s Mill," payable in case of loss to the plaintiff, and containing, among others, these provisions : " If the interest of the insured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, is not truly stated in this policy, this policy shall be void." " If the interest of the insured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the insured, or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of this policy otherwise the policy shall be void."

The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon an agreed statement, the material part of which was as follows : " On May 26, 1868, Clarence F. Whitaker and his partner, being owners of the premises, gave a mortgage thereof to William A. Little and Atherton J. Stanton, partners under the firm of Little & Stanton, to secure six notes made by the mortgagors, of that date, amounting in all to $4000, payable, with interest annually, in two, three, four, five, six and seven years respectively, after date, to said Little & Stanton or order. On January 31, 1870, Little & Stanton, for the sum of $4000 received by them from the plaintiff, assigned the mortgage and indorsed the notes to the plaintiff. None of the notes have yet been paid. They and the mortgage are still held by the plaintiff. Little & Stanton have become absolutely liable to pay those notes which have matured ; the same having been duly at maturity presented for payment, and payment thereof demanded and refused, and notice of such presentment, demand and refusal, and that the holder would look to them for payment, having been duly sent to Little & Stanton. On the notes not yet matured their liability is the ordinary liability of indorsers on notes not yet due. The buildings on the premises mortgaged and described in the policy were destroyed by accidental fire in August 1870, of which due notice and proofs were given to the defendants. The loss, if the plaintiff is entitled to recover anything, was total. The premises, apart from the buildings destroyed by the fire, were and are insufficient in value to satisfy the mortgage debt. The mortgagors were at the time of the fire and ever since have been insolvent."

*A. L. Soule*, for the plaintiff.

*G. M. Stearns*, for the defendants.

GRAY, J. It is admitted that Little and Stanton are the assured in this policy, and that the plaintiff is only the person to whom any sum recoverable under it is to be paid. *Loring* v. *Manufacturers' Insurance Co.* 8 Gray, 28. *Bates* v. *Equitable Insurance Co.* 10 Wallace, 33. Upon the facts agreed by the parties, two questions have been argued, 1st. Whether Little and Stanton had an insurable interest ; 2d. Whether, if they had that interest is well described in the policy.

1. In the present state of the law, there can be no doubt that, at the time of procuring this policy, Little and Stanton, although they had no legal title in the property, had an equitable right and an insurable interest therein. The mortgage stood as security for the payment of the mortgage notes, and the assured, having themselves indorsed those notes at the time of assigning the mortgage, would be entitled in equity, upon being charged on those notes and paying the amount thereof, to have the mortgage reassigned to them, to secure reimbursement from the original makers of the notes and mortgage. *Eastman* v. *Foster*, 8 Met. 19. *Bryant* v. *Damon*, 6 Gray, 564. *Rice* v. *Dewey*, 13 Gray, 47. *New Bedford Institution for Savings* v. *Fairhaven Bank*, 9 Allen, 175. *Matthews* v. *Aikin*, 1 Comst. 595. In *Gordon* v. *Massachusetts Insurance Co*. 2 Pick. 249, one who had made an absolute bill of sale of a vessel, and taken back an agreement in writing from the purchasers to apply the proceeds of the vessel to the payment of certain notes and obligations due from him and indorsed by them, was held to have retained an insurable interest in the vessel. In *Strong* v. *Manufacturers' Insurance Co*. 10 Pick. 40, it was held that a mortgagor of real estate, whose equity of redemption had been seized and sold on execution, had still, so long as the time of redeeming from such sale had not expired, an insurable interest in the premises. And it is now well established that even one who has no title, legal or equitable, in the property, and no present possession or right of possession thereof, yet has an insurable interest therein, if he will derive benefit from its continuing to exist, or will suffer loss by its destruction. *Putnam* v. *Mercantile Insurance Co*. 5 Met. 386. *Eastern Railroad Co*. v. *Relief Insurance Co*. 98 Mass. 420, 423, and other cases there cited. *Springfield Insurance Co*. v. *Brown*, 43 N. Y. 389.

2. We are also of opinion that the interest of the assured was sufficiently described in the policy. In the absence of any specific inquiry by the insurers, or express stipulation in the policy, no particular description of the nature of the insurable interest would have been necessary. *Strong* v. *Manufacturers' Insurance Co*. 10 Pick. 40. *King* v. *State Insurance Co*. 7 Cush. 1, 13. *Springfield Insurance Co*. v. *Brown*, 43 N. Y. 389. By a familiar

rule of construction, the provisions requiring a statement of the nature of the interest of the assured, being inserted by the insurers for their own benefit, are to be strictly construed against them. The second of the provisions relied on merely required that, if the interest of the assured was any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, it should be so represented and expressed; and the description of the assured in the policy as "mortgagees" clearly represented and expressed that they had not such entire, unconditional and sole ownership. The first provision required that the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, should be truly stated in the policy, and the statement that they were mortgagees truly stated to which of these classes their interest belonged. This provision does not call for a distinction between legal and equitable title, but only for a true statement of the nature of the insurable interest; and that interest was the same, whether the title of the assured was legal or equitable. *Swift* v. *Vermont Insurance Co.* 18 Verm. 305. *Hough* v. *City Insurance Co.* 29 Conn. 10. *Gaylord* v. *Lamar Insurance Co.* 40 Missouri, 13. The description therefore satisfied the terms of both of the provisions of the policy.

*Judgment for the plaintiff.*