GEORGE E. FOWLE & another *vs.* SPRINGFIELD˙ FIRE AND MARINE INSURANCE COMPANY.

Suffolk.  Mar. 18, 1875 ; Nov. 20, 1875.—Mar. 7, 1877.  LORD, J., absent.

The lessees of land for a term of years, under the provisions of their lease, removed a building thereon and erected a new one, which was to be delivered up to the lessor at the end of the term. They effected insurance on the building, describing it as "their two story brick and gravelled roof building, occupied by them," "situnate on leased land." The policy provided "that the interest of the assured, whether as owner, consignee, factor, lessee or otherwise, in the property to be insured, shall be truly stated in the policy, otherwise the same shall be void." In the proofs of loss, required by the policy to be given under oath, they stated that the building belonged to them, and that no one else had any interest therein. *Held,* that the interest of the lessees was sufficiently described; and that the provision as to proofs of loss was sufficiently complied with. COLT and DEVENS, JJ., dissenting.

CONTRACT upon a policy of insurance, by which the defendant insured the plaintiffs in the sum of $2500, "on their two story brick and gravelled roof building, occupied by them for a carpet store, situate on leased land in rear of No. 166 Washington Street, Boston, Mass," from January 10, 1871, to August 23, 1873.  The policy contained the following provisions :

"The interest of the assured, whether as owner, consignee, factor, lessee or otherwise, in the property to be insured, shall be truly stated in the policy, otherwise the same shall be void ; and such interest shall also be set forth in the proofs of loss, with the names of the true owners of the property."

"All persons insured by this company, and sustaining loss or damage by fire are forthwith to give notice thereof to the company ; and, as soon after as possible, to deliver in a particular account of such loss or damage, signed with their own hands, and verified by their oath or affirmation ; they shall also declare on

oath, whether any and what other insurance has been made on the same property; what was the whole value of the subject insured; what was their interest therein; in what general manner (as to trade, manufactory, merchandise or otherwise,) the building insured or containing the subject insured, and the several parts thereof, were occupied at the time of the loss, and who were the occupants of such building; and when and how the fire originated, so far as they know or believe; and also, if required, shall produce their books of account and other proper vouchers, and until such proofs are furnished the loss shall not be deemed payable. Also, if there appear any fraud or false swearing, the insured shall forfeit all claim under this policy."

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows:

The building alleged by the plaintiffs to have been covered by the policy was damaged to a greater amount than the sum named in the policy, by the great fire of November 9, 1872. It stood on land owned by one Callender, and was leased, with other land lying between it and Washington Street, to one Herman, for the term of ten years and six months from September 1, 1862; the indenture of lease providing that the lessee might remove the existing buildings on the site afterward occupied by the building alleged to have been covered by the policy, and build others in their stead; and the lessee covenanting that such future erections and buildings should be kept insured for the benefit of the lessor, and should be delivered up to him at the end of the term. The indenture contained a clause permitting the lessee to underlet, and was dated May 10, 1859, and acknowledged May 14, 1859, and duly recorded.

Herman, by indenture of May 24, 1862, underlet to the plaintiffs, for the term of ten years and eight months, from July 1, 1862, the land on which the building in question was erected, being the premises in rear of the store known as numbers 166 and 168 Washington Street; the lessees covenanting, among other things, to quit and deliver up the premises, with all future erections and additions thereon, to the lessor or his attorney, peaceably and quietly at the end of the term, in good order, fire and other unavoidable casualties excepted.

The plaintiffs removed the buildings standing at the date of the original lease, and erected the building in question. The building was of brick, with stone foundations and underpinning, and with a cellar under it. No insurance on the building was effected by any of the lessees for the benefit of or payable to Callender.

In the proofs of loss, the plaintiffs stated under oath that the building belonged to them, and that no other person or party had any interest therein.

If on the foregoing facts the plaintiffs were entitled to recover, judgment was to be rendered for them accordingly ; otherwise, for the defendant.

This case was argued in March, 1875, and reargued in November, 1876.

*B. F. Thomas*, for the plaintiffs.

*A. L. Soule*, for the defendant.

ENDICOTT, J. The plaintiffs were sub-lessees of the land on which the building insured stood, and their lease, which was for ten years and eight months, expired on March 1, 1873. During the term, and before obtaining this policy, they had removed a building standing on the premises, and on its site had erected the present building. This they had a right to do under their lease, which also provided that at its expiration they should quit and deliver up the premises, with such buildings and additions as they had erected thereon. No question is made by the plaintiffs, that the building thus erected, and insured by this policy, attached to the land, became part of the real estate, and would pass to the owner of the soil at the end of the term. The policy was issued January 10, 1871, more than two years before the expiration of the lease, and the loss occurred within the term.

The policy contains the provision that " the interest of the assured, whether as owner, consignee, factor, lessee or otherwise, in the property to be insured, shall be truly stated in the policy, otherwise the same shall be void." The insurance, as stated in the policy, is on " their two story brick and gravelled roof building, occupied by them for a carpet store, situate on leased land in rear of No. 106 Washington Street, Boston." The defendant contends that the description does not truly state the interest of the assured in the property, and the policy is therefore void.

The plaintiffs had an insurable interest in this building, They had erected it at their own expense, and used and occupied it, in their business, as a carpet store. They might wish to re-build it, or to indemnify themselves for their expenditure, in tha event of its loss by fire. In either case, it was proper for them to procure insurance, and they might lawfully do so to the extent of the value of the building. It is clear that they would derive benefit from its continuing to exist, and would be injured by its destruction.

Having this insurable interest, in the absence of inquiry by the defendant, or of any provision in the policy calling for a statement of the nature of their interest, the description in the policy would have been sufficient. The words "their two story brick and gravelled roof building" do not necessarily import an absolute legal title in the building itself. The words "his" or "their" used in a policy, as descriptive of the property of the assured, do not render the policy void, if the insured has an insurable interest, although the interest may be a qualified or defeasible, or even an equitable interest. *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 419. *Strong* v. *Manufacturers' Ins. Co.* 10 Pick. 40. *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535. *King* v. *State Ins. Co.* 7 Cush. 1. *Hough* v. *City Ins. Co.* 29 Conn. 10. *Clapp* v. *Union Ins. Co.* 7 Foster, 143. *Swift* v. *Vermont Ins. Co.* 18 Vt. 305. *Tyler* v. *Ætna Ins. Co.* 12 Wend. 507. See *Niblo* v. *North American Ins. Co.* 1 Sandf. 551 ; *Irving* v. *Excelsior Ins. Co.* 1 Bosw. 507. The words may therefore be properly applied to property in which the insured have a valuable interest, which is in their possession and control, the right to which they may protect and enforce at law, and by the destruction of which they may sustain a serious loss.

As the description of the building as "their" building was not in itself such an inaccurate description as to avoid a policy containing no provision that the interest of the assured shall be truly stated, the question arises whether the further statement that the building is "situate on leased land" is a sufficient compliance with the provision of this policy that requires a true statement of the interest of the assured in the property, "whether as owner, consignee, factor, lessee or otherwise." This clause, being in the body of the policy, and inserted for the ben-

efit of the insurers, as against them, is to be construed strictly. It calls for the character of the interest, and not for the extent of the interest to be stated in detail. When the policy states to which of the classes named in the provision the interest of the assured belongs, it is sufficient, and if the insurer desires further details, he should make further inquiry. *Williams* v. *Roger Williams Ins. Co.* 107 Mass. 377. In that case the liability of a mortgagee, as indorser on the mortgage note, to an assignee of the mortgage, was held to give the mortgagee an insurable interest; and that the statement in the policy, that he was mortgagee, was a sufficient compliance with the provision of the policy requiring a true statement of his interest, although he had assigned the mortgage, and might not be called upon to pay his note. In *Hope Ins. Co.* v. *Brolaskey*, 35 Penn. St. 282, the policy contained a similar clause. The buildings insured stood upon leased land, and the insured had a right to remove them at the end of the term. They were described in the policy as his buildings, and no reference was made to the fact that he was lessee only of the land. It was held that, the insured being the absolute owner of the buildings, he could insure them as such, and was not bound to disclose the extent of his interest in the land.

In the opinion of a majority of the court, therefore, the description of the building, as a building belonging to the plaintiffs, was, on the facts disclosed, sufficiently accurate, in the absence of an express stipulation in the policy; and it did not become inaccurate because, in compliance with the stipulation of the policy, the nature of their interest in the building is in substance described to be that of lessees, as distinguished from that of owners, by the statement that it is situate on leased land. Having the right to insure it as their building, the statement that it is on leased land implies that whatever interest the insured have in the building is subject to the terms of a lease, the particulars of which are not called for by the policy, or made the subject of specific inquiry. To hold otherwise would be to decide that the words of the description are equivalent to a warranty on the part of the plaintiffs that they had the right to remove the building at the end of the term. Even if 't may be said that the right to remove is to be implied from the language used, it is also to be implied from the description of the build

ing that it was permanently attached to the land, and so built and situated that it was incapable of removal.

The statement of the plaintiffs, in their proofs of loss, as to their interest in the property, must be taken in connection with the subject matter of the insurance, as described in the policy. Even if not strictly accurate, it does not avoid the policy, for the policy contains no provision to that effect. It merely requires that the interest of the assured shall be set forth in the proofs of loss, with the names of the true owners. This is directory merely, and, if not complied with to the satisfaction of the defendant, further information should have been called for. "If there appear any fraud or false swearing, the assured shall forfeit all claim under this policy." But that is not imputed to the plaintiffs upon this agreed statement.

The result is, that upon the facts stated the plaintiffs are entitled to judgment.

COLT, J. It is expressly required in the body of the policy, under which the plaintiffs claim, that "the interest of the assured, whether as owner, consignee, factor, lessee or otherwise, in the property insured, shall be truly stated in the policy, otherwise the same shall be void." This makes a true statement in the policy, in this respect, essential to its validity. The question is, not whether the plaintiffs had an insurable interest in the property, but whether that interest is correctly stated.

The building insured was of brick, with stone foundations and cellar underneath, standing upon Callender's land, of which the plaintiffs were sub-lessees. Without express agreement with the owner of the land, such a building, as soon as erected by the lessees, would become a part of the realty by operation of law. There was no such agreement in this case; on the contrary, the original lease from Callender to Herman, who underlet to the plaintiffs, contained a provision that the lessee might remove the buildings then standing on the site of the building in question and build others in their stead, with a covenant that such future erections should be kept insured for the benefit of the lessor, and should be delivered up to him at the end of the term. *Milton* v. *Colby*, 5 Met. 78. *Hutchins* v. *Shaw*, 6 Cush. 58. *Howard* v. *Fessenden*, 14 Allen, 124. The plaintiffs themselves were under no obligation to rebuild in case of fire, or to insure for the

benefit either of Callender, the original lessor, or of Herman, who leased to them. Their contract was with Herman. If he was bound to effect such insurance, his failure to do so may render him liable to Callender, but does not affect the relations of the plaintiffs to the property. They only covenanted in their lease from him to quit and deliver up the premises to him, with all future erections, at the end of the term, in good order, fire and other unavoidable casualties excepted.

The plaintiffs' policy provides for insurance on "their two story brick and gravelled roof building, occupied by them for a carpet store, situate on leased land." This does not correctly state the plaintiffs' interest. It necessarily implies that they were absolute owners of the building by agreement with the owner of the land on which it stands, or that they bore such relation to it by contract, that the whole loss of it by fire would fall on them as owners of the whole equitable interest in it; it does not convey the idea that they only have a leasehold interest in it of only a short duration. The difference is material and important. If the building had been the property of the plaintiffs, which they could remove or sell to the landowner at the end of the lease, or if they were bound to insure or rebuild for the benefit of another, the fact would bear directly upon the risk. Instead of this, the plaintiffs had only a leasehold interest in both land and building. The parties have a right to stipulate that the precise nature of the interest insured shall be stated in the policy, and the clause relied on in the terms used plainly discloses that the distinction between an interest as owner and as lessee is regarded as material. This case is to be distinguished from those where the policy makes no call for an exact statement of the title or interest of the insured, and where it is held that a general statement of ownership, when there is no intentional concealment or fraud, is enough, though the title may be conditional, or less than a fee simple, or subject to incumbrance, or only an equitable title. *Draper* v. *Charter Oak Ins. Co.* 2 Allen, 569. *Strong* v. *Manufacturers' Ins. Co.* 10 Pick. 40. *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535. *Williams* v *Roger Williams Ins. Co.* 107 Mass. 377. *Hough* v. *City Ins. Co.* 29 Conn. 10.

The legal title to the property may not always determine the interest sufficiently to support the policy which the assured has on it; but if he is described as owner, under a condition which requires that interest to be truly stated in the policy, he must at least have such an equitable interest that the whole loss would fall on him if the property is destroyed.

The case of *Williams* v. *Roger Williams Ins. Co.* is, in my opinion, not in conflict with this result. The property was there charged with a trust, in the hands of the assignee of the note and mortgage, in favor of a firm who were liable as indorsers of the note. Their equitable interest in the estate was precisely coextensive with the interest of the assignee of the mortgage. They obtained insurance for the protection of that interest only, but were described in the policy as mortgagees. They recovered on the policy, and it was declared by the court that the provision in question "does not call for a distinction between legal and equitable title, but only for a true statement of the nature of the insurable interest; and that interest was the same, whether the title of the assured was legal or equitable."

In the case at bar, the interest of the plaintiffs is described by a word which, of all others, expresses ownership in the building, as distinct from a leasehold interest, while the case finds that they had neither legal nor equitable title as owners of the building. The language used implies that, as to the plaintiff's interest in the building and the land on which it stands, there is the difference of owner and lessee.

In *Hope Ins. Co.* v. *Brolaskey*, 35 Penn. St. 282, the buildings insured were described truly as the plaintiff's buildings; the insured had a right to remove them at the end of the term; and it was held that the insured was not bound to disclose that they were on leased land; because the building was insured, not the land.

I am obliged to differ from the majority of the court in the result reached, and am authorized to say that Mr. Justice Devens concurs in this dissent.

*Judgment for the plaintiffs.*