Grafton,  }
Nov. 4, 1914. }

S. DANA FADDEN *v.* INSURANCE COMPANY OF NORTH AMERICA.

SAME *v.* PHŒNIX INSURANCE CO.

In the absence of fraudulent representation as to title, a life tenant of realty who has effected insurance upon buildings may recover the sum named in the policy in the event of their total destruction by fire.

ASSUMPSIT, upon two fire insurance policies, to recover in each case a loss of $1,300 upon buildings and $450 upon personalty, said property having been totally destroyed by fire on August 4, 1912. The liability of the defendants for the loss upon the personalty was admitted.    Transferred without a ruling from the May term, 1914, of the superior court by *Kivel*, J., on an agreed statement of facts.

The two policies are of the New Hampshire standard form and are identical in all material respects.    No questions were asked the insured as to his title to the buildings when the insurance was effected and he made no representations in regard to it at any time. The buildings were erected by the insured at his own expense on land owned by his wife, who died before the policies in suit were issued, leaving a will which gave him a life estate in the land upon which the insured buildings stood.    The plaintiff was occupying the premises under his wife's will when the insurance was effected and when the loss occurred, and was described in the policies as the occupant thereof.

The only questions reserved were whether the fact that the plaintiff's title was that given by his wife's will was admissible; and if admissible, whether recovery of the insurance on the buildings was defeated by the fact that the plaintiff's title was what it was, instead of a fee simple.    It was agreed that there should be judgment for the plaintiff in each case for the sum legally due him, with interest thereon from October 4, 1912, and taxable costs.

*Martin & Howe (Mr. Howe* orally), for the plaintiff.

*Kelley & Hatch,* for the defendants.

PLUMMER J.   The defendants in their brief in effect admit that the plaintiff had an insurable interest in the buildings.   They also admit that he practiced no fraud upon them in obtaining the insurance, and that the buildings were totally destroyed by fire. There is, therefore, no defence to these actions under the law of this state.

The statute relating to the loss of property insured, as passed by the legislature in 1885, is as follows: "In any suit that may be brought in this state against an insurance company, to recover for a total loss sustained by fire or other casualty to real estate or buildings on the land of another, the amount of damage shall be the amount expressed in the contract as the sum insured, and no other evidence shall be admitted on trial as to the value of the property insured; *provided,* whenever there is a partial destruction or damage to the property insured, it shall be the duty of the company to pay the assured a sum of money equal to the damage done to the property. And *provided further,* that nothing in this section shall be construed to prevent the admission of testimony to prove over-insurance fraudulently obtained."   Laws 1885, *c.* 93, *s.* 2.   This section was rewritten, with only verbal changes, by the commissioners (Comm'rs' Rep. P. S., *c.* 169, *s.* 5), and now appears in the Public Statutes, chapter 170, section 5:   "If insured buildings are totally destroyed, the sum insured shall be taken to be the value of the insured's interest therein, as such interest is described in the policy, unless over-insurance thereon was fraudulently obtained;   if they are only partially destroyed, the insured shall be entitled to his actual damages, not exceeding the sum insured."   This law is a part of the contract of insurance between the plaintiff and the defendants.

When the buildings were insured by the defendants and the plaintiff was described as occupant, they agreed, under the law and by the terms of their policies, that the value of his interest therein was the amount named in the policies, or $2,600; and the only defence open to the defendants in case of total loss was fraud in obtaining the insurance.   In other words, at the time the insurance was effected, without fraud, the damages for total loss were liquidated. There being a total loss and no "over-insurance fraudulently obtained," the plaintiff can recover "the amount expressed in the

contract as the sum insured." Laws 1885, c. 93, s. 2; *Barnard* v. *Insurance Co.*, 66 N. H. 401.

The plaintiff is described in the policies as the occupant of the premises. This gave him an insurable interest in the property. *Stone* v. *Insurance Co.*, 69 N. H. 438; *Goodall* v. *Insurance Co.*, 25 N. H. 169, 186; *Williams* v. *Insurance Co.*, 107 Mass. 377. Whether the plaintiff had a life estate in the premises is of no consequence. The evidence of it is therefore immaterial and inadmissible.

The defendants urge in their brief that there was a material differ-ence between the property as represented and as it really existed, and consequently that the plaintiff cannot recover. The agreed case states specifically that no questions were asked as to the plain-tiff's title to the buildings when the insurance was effected, and that he made no representations in regard to his title at any time. The force of this contention of the defendants is not apparent.

The plaintiff is entitled to recover the full amount of the policies.

*Judgments for the plaintiff.*

All concurred.