OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### SUMMER TERM, 1859.

CASE 1—INDICTMENT—JUNE 7.

## Tyra vs. Commonwealth.

2mo 1
f 102 382

APPEAL FROM ESTILL CIRCUIT COURT.

1. In a trial for misdemeanor, the defendant may consent to be tried by less than twelve jurors. (1 *Met.*, 365.)

2. If a case of felony cannot, by consent of the accused and the Commonwealth's attorney, be tried by eleven jurors, the error is not such as, according to *section* 334 of the *Criminal Code*, to authorize the court of appeals to reverse the judgment of conviction, especially when no such objection was made in the circuit court.

3. Drunkenness, or the temporary insanity occasioned by the act of the defendant in getting drunk, constitutes no justification or excuse for the commission of crime.

4. An intent to kill is not made an ingredient in the offense of stabbing described in the 1st *section* of *art.* 17, *Revised Statutes, p.* 264; and the omission of the words "in sudden heat and passion," in an instruction to the jury, was not to the prejudice of the defendant.

5. Upon an indictment for malicious stabbing, with intent to kill, the defendant may be found guilty either of the felony charged or of any lower degree of that offense. (*Criminal Code, sections* 258, 259.)

After the jury were sworn, and had heard a portion of the testimony, they were adjourned until the next morning, when one of them failed to attend; " and," as the record recites, "by consent of the attorney for the Commonwealth and the prisoner, they agreeing that the remaining eleven jurors might try this cause," &c. The verdict was: "We of the jury find

the defendant guilty of stabbing in sudden heat and passion, and not in self-defense, and assess his punishment to fifty dollars fine and six months' confinement in the county jail." The remaining facts sufficiently appear in the opinion of the court.

SQUIRE TURNER, for appellant, cited 1 *Russell on Crimes*, 7th *American, from* 3d *London edition, p.* 8 ; *Prof. Mittermaier's Treatise on the effect of Drunkenness upon Criminal Responsibility, secs.* 6, 7, 8, 9 ; *Revised Statutes, sec.* 1 of *art.* 17, *p.* 264 ; *Ib., sec.* 2, *art.* 6, *p.* 251 ; *Bacon's Abridgment, Title Statute, Letter I;* 18 *B. Monroe,* 287. As to the effect of the trial by less than twelve jurors, case in New York of *Cousemi vs. the Commonwealth.*

J. HARLAN, Attorney General, for Commonwealth.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Neither of the objections taken to the judgment in this case can prevail.

1. In the case of *Murphy vs. Commonwealth,* (1 *Met.*, 365,) it was decided that in a trial for *misdemeanor* the defendant may consent to be tried by less than twelve jurors, whatever might be the rule in cases of *felony.* The indictment in this case charged that the defendant maliciously stabbed Arven, with the intent to kill him. Upon this indictment the defendant, under *section* 258 of the *Criminal Code,* might have been found guilty, either of the felony as charged, or of any lower degree of that offense. He was found guilty of one of the lower degrees of that offense, which was a misdemeanor only ; and, therefore, the rule contended for would not properly apply to this case under the decision referred to. But if, as contended, the record presents a case of felony, and not of misdemeanor, it follows that, according to *section* 334 of the *Criminal Code,* the error complained of is not such as to authorize this court to reverse the judgment of conviction, especially as no such objection was made in the court below.

2. The second instruction given to the jury by the court, to the effect that drunkenness, or the temporary insanity occasioned by the act of the defendant in getting drunk, constituted no justification or excuse for the commission of crime, was, we

think, entirely unobjectionable, in view of the facts of the case. Such is the well-settled principle upon this subject. Any other doctrine would result in consequences fatal to the peace and safety of society.

The 6th instruction was also proper. It conforms substantially and almost literally to the 1st *section* of *article* 17, *Revised Statutes, p.* 264, in which the intent to kill is not made an ingredient in the offense described; and also to the second sub-division of *section* 259 of the *Criminal Code,* which provides that all injuries to the person, by maiming, wounding, &c., "whether attended or not with the intention to kill," shall be deemed degrees of the same offense within the meaning of the next preceding section, (258.) The mere omission to add the words, "in sudden heat and passion," cannot be considered as having at all prejudiced the defendant.

Judgment affirmed.