## SUPREME COURT.

The corporation which, by virtue of a certain order made by Hon. GEORGE G. BARNARD, a justice of the supreme court, on the 6th day of December, 1862, is entitled "THE MADISON AVENUE BAPTIST CHURCH," but which was formerly called the Baptist Church in Oliver street, and WILLIAM PHELPS, WILLIAM H. CHAPMAN, RICHARD STOUT, WILLIAM D. MURPHY, WILLIAM J. TODD and ROBERT COLBY, trustees of and corporators in the religious society aforesaid agt. The alleged corporation, which, under a certain order made by one of the justices of the supreme court, on the 12th day of July, 1859, was called THE MADISON AVENUE BAPTIST CHURCH, and JEREMIAH MILBANK, GEORGE W. ABBE, MAURICE C. HULL, JOHN F. CUNNINGHAM and STEPHEN B. COLGATE, claiming to be trustees of and corporators in the religious society last aforesaid.

A controversy which is clearly one of *legal cognizance*, will never be the subject of *equitable jurisdiction*, unless facts are stated to show that *a perfect remedy at law* cannot be obtained.

Mere *assertions, threats* and *designs*, made against a grantee of real estate and the party in possession, cannot be deemed a *cloud upon the title*. ( *Unless it be a thunder cloud.*)

If the owner of real property is injured by any false claims or representations in relation to it, he can probably maintain an action for damages against the wrongdoer, if he has incurred any; but the equitable jurisdiction of the court cannot be interposed; and before it will interfere in any way in relation to the disputed title, the party in possession must patiently await the commencement of legal proceedings against him.

*New York Special Term, November*, 1863.

THE plaintiffs bring this action for the purpose of having their title to certain real estate settled, determined and confirmed by the judgment of this court.

> LEWIS B. WOODRUFF and WILLIAM R. MARTIN, *counsel for the plaintiffs.*
>
> JAMES T. BRADY and C. C. LANGDELL, *counsel for the defendants.*

CLERKE, Justice. The plaintiffs allege that they have purchased this property from the late owners of it; that they have given an ample consideration for it; that they have received the usual deed duly conveying it, and that they are in full possession of it. But they allege that the defendants make certain claims, threats and assertions, and indicate certain designs and intentions concerning this property, and that they declare that the order and deed, by which it was conveyed to the plaintiffs, were illegal and void, and that these assertions, threats and designs are calculated to interfere with and disturb the use of the same. In other words, this is an action to try, in anticipation, the title to real estate, by the intervention of the equitable powers of this court. When the defendants undertake the execution of these designs, and attempt to establish the invalidity of the conveyance to the plaintiffs, they have the constitutional right of doing so by an action for the recovery of the possession of this property, which, of course, is of legal, as contradistinguished from equitable, cognizance. A controversy which is clearly one of legal cognizance will never be the subject of equitable jurisdiction, unless facts are stated to show that a perfect remedy cannot be obtained at law. Now, the only allegation in this complaint, which has the least appearance of a case to entitle the plaintiffs to equitable relief, relates to the alleged threats and designs, calculated, as they say, to cast a cloud upon their title. But this is the first time I have ever heard·

that mere threats and designs against the grantee and the party in possession are to be deemed a cloud upon the title. There may be some pretext for the equitable intervention of the court in favor of the other party, if they sought it on the ground of the plaintiffs' fraud in obtaining the conveyance, for the adverse claim of the plaintiffs is valid upon the face of the instrument; and it would be necessary for the defendants to prove extrinsic facts in order to establish its invalidity or illegality. This is the only ground upon which the court will interfere to remove a cloud from a title. If the owner of real property is injured by any false claims or representations in relation to it, I presume he could maintain an action for damages against the wrongdoer, if he has incurred any; but the equitable jurisdiction of the court cannot be interposed; and, before it will interfere in any way in relation to the disputed title, the party in possession must patiently await the commencement of legal proceedings against him by his menacing adversary.

This complaint bears no resemblance to a bill *qaia timet*, which was a bill of complaint filed by a party having merely a present right of future enjoyment, fearing that right would be damnified by the destruction or injury of the property in the meantime. The preventive relief which a court of equity affords in such a case would only be requisite in those cases where the property is of a perishable nature, and would not be requisite in respect to the title or right to the possession of real property. Where an injury is done to real property, affecting the rights of a person entitled in remainder or reversion, the court will grant its injunction against the tenant of the particular estate, to prevent waste. But, certainly, this is not the character in which the plaintiffs in this action present themselves, nor this the injury of which they complain.

There must be judgment for the defendants on the demurrer, with costs. The motion for an attachment is denied, without costs.