THE SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY and THE MASSASOIT INSURANCE COMPANY, Respondents, *v.* ORLANDO ALLEN et al., Appellants.

Where a policy of insurance was issued to the owner of the mortgaged premises, in which " the loss, if any, is payable to the mortgagee," which also contained a clause, that in case of any change of title in the property insured, the policy should be void (from which latter clause, however, the interest of the mortgagee is excepted), and also a provision that in case of payment to the mortgagee for a loss, for which the insurer would not have been liable to the mortgagor, the insurer should be subrogated and entitled to an assignment of the mortgage.—*Held*, the mortgaged premises having been sold prior to their injury by fire, that the amount of insurance money paid to the mortgagee by the insurers was not to be deemed a payment on the mortgage, and that the mortgage having been assigned to the insurers on payment to the mortgagee, was a valid security in their hands.

Where a policy, by its terms, is to become void upon " any change of title in the property insured," the policy insuring a party on "his stores," describing them, is forfeited by a transfer of the premises, although no change in or assignment of the *interest of the insured* had taken place subsequent to the date of the policy.

(Argued December 20th, 1870 ; decided January 24th, 1871.)

APPEAL from the judgment of the General Term of the Superior Court of Buffalo affirming a judgment at the Special Term, entered on the decision of the court.

This action was brought in the Superior Court in the city of Buffalo, to foreclose a mortgage on property within the city of Buffalo, given by Orlando Allen and wife to Abby G. Williams, June 29, 1859. The mortgage contained a clause to the effect that the mortgagor should keep the buildings on the mortgaged premises insured, and the policies assigned to the mortgagee, which insurance was effected as hereafter stated. The mortgage was, on the 3d of October, 1864, and after the destruction of the buildings insured by fire, assigned to one Barton, who, on the 18th of October, 1864, upon the payment by the plaintiffs, as the insurers of the loss payable by the terms of the policies, and upon their demand, assigned the mortgage to them. In October, 1861, Orlando Allen and wife, the mortgagors, conveyed that portion of the mortgaged premises upon which the insured buildings stood to William K. Allen, in fee, by quit-claim deed, and, in May, 1864, united with William K. Allen in a conveyance, by deed, with warranty, of the same premises to Peter J. Ferris, which last conveyance was subject to the Williams mortgage, the payment of which Ferris, the grantee, assumed. It was at the same time agreed, by parol, that Ferris should have the benefit of the policies of insurance then upon the buildings.

The buildings were destroyed by fire, June 19, 1864, and the loss, to the amount of $5,019.90, paid to Barton, the assignee of the mortgage, on the 18th of October, 1864. The residue of the amount secured by the mortgage has been paid; and, if the moneys paid under the policies are applicable to the satisfaction of the mortgage, as between the mortgagor and owner of the equity of redemption and the plaintiffs, the mortgage is satisfied, and should be discharged of record. The insurance was effected on the 15th of December, 1862, and after the conveyance to William K. Allen. Each of the policies was for $2,500, and was continued, by renewal from year to year, to the time of the fire. The insurance was procured, and the premium paid, by the mortgagor. The policies differed somewhat in form, but were in substance the same. The differences, so far as material, will be stated. That of

the Springfield Company insured " Orlando Allen against loss or damage by fire," and declared the " loss (if any) payable to Miss Abby G. Williams, as such mortgagee," and provided against a forfeiture of the insurance in favor of the mortgagee, or by reason of the acts of the mortgagor or owner of the property insured, and for the subrogation of the insurers to the rights of the mortgagee in case of payment to the mortgagee for a loss under the policy, which the company would not have been liable to pay to the mortgagor or owner, and entitling the company to an assignment of the mortgage upon paying the amount unpaid thereon.   As conditions upon which the policy was made by the insurers and accepted by the insured, it was provided that, "if the interest in the property to be insured be a leasehold interest, or other interest not absolute, it must be represented to the company and expressed in the policy in writing, otherwise the insurance shall be void;" and that, " in case of any change of title in the property hereby insured, this policy shall be void."   The Massasoit Insurance Company insured " Orlando Allen, as owner, and Abby G. Williams, as mortgagee, as interest may appear."   The policy contained a clause protecting the mortgagee against the acts of the mortgagor in derogation of the policy, and for subrogation to, and assignment of, the mortgage, in substance the same as in the other policy.

The action was tried by the court, without a jury.   The judge at Special Term gave judgment for the plaintiffs, holding and deciding that the insurance money was not applicable as a payment on the mortgage.

The court, at General Term, affirmed the judgment, and the defendants have appealed to this court.


*John Ganson*, for the appellants, that the only effect of special provision in the policy was to protect the mortgagee against acts of the mortgagor, vitiating the policy.   (*Grosvenor* v. *The Atlantic Fire Ins. Co.*, 17 N. Y., 391.)   That the mortgagor's insurable interest did not cease with his title to the mortgaged premises.   (*Gordon* v. *Mass. Fire and Marine*

*Ins. Co.*, 2 Pick., 249.) If the interest be less than that of owner, he should recover according to his interest. (*Niblo* v. *North Am. Fire Ins. Co.*, 1 Sand. Sup. Ct. R., 551; *Fletcher* v. *Commonwealth Ins. Co.*, 18 Pick., 419; also, *Kernochan* v. *The N. Y. Bowery Fire Ins. Co.*, 17 N. Y., 428; *King* v. *The State Ins. Co.*, 7 Cush., 1; *Graves* v. *Hampden Fire Ins. Co.*, 10 Allen, 281.) That the word "absolute" must receive strict construction. (*Catlin* v. *The Springfield Fire Ins. Co.*, 1 Sumner, 434; *Livingston* v. *Sickles*, 7 Hill, 253; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y., 405.) That a construction making the policy void *in presenti* should be avoided. (*Bidwell* v. *The North-western Ins. Co.*, 24 N. Y., 302–304.) That term owner does not necessarily mean proprietor in fee. (*Niblo* v. *North Am. Fire Ins. Co.*, 1 Sand. Sup. Ct. R., 551; *Fletcher* v. *Commonwealth Ins. Co.*, 18 Pick., 419; *Ex parte Jennings*, 6 Cow., 525, 526; *Baltimore and Ohio Railroad Co.* v. *Thompson*, 10 Maryland, 76, etc.)

*E. C. Sprague*, for the respondent, that the transfer was a violation of the policy. (Phillips on Ins., 76, 77, 90; *Tilton* v. *Kingston Ins. Co.*, 7 Barb., 570; 1 Seld., 406; *Roberts* v. *Traders' Ins. Co.*, 9 Wend., 404; 17 id., 631; *Grosvenor* v. *Atlantic Ins. Co.*, 17 N. Y., 391; *Carpenter* v. *Prov. Wash. Ins. Co.*, 16 Peters, 495; *Buffalo Steam Engine Works* v. *Sun Mutual Ins. Co.*, 17 N. Y., 401.)

Allen, J.    The parties to the policies of insurance have, by the terms of their contract, avoided some of the questions which have embarrassed the courts, and led, in some instances, to an apparent conflict of opinion, if not of decision. The rights of the mortgagees are protected against the effect of certain acts of the mortgagor in derogation of the policies, by an agreement that the policies, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor, with the qualification, however, that if the mortgagee fail to notify the insurers of any change of ownership after the same shall have come to his knowledge, the

policies shall be void. They have definitely determined the question, perhaps not definitely settled by adjudication, as to the right of subrogation by an agreement making part of the contract of insurance, that whenever the insurers shall pay to the mortgagee any sum for loss, for which loss the company would not have been liable to the mortgagor or owner, the insurers shall be subrogated to the rights of the mortgagee, and entitled to an assignment of the mortgage. This provision is probably in accordance with the legal and equitable rights of the parties, regarding the policy from the time it might become void as to the mortgagor as an insurance, existing only in favor and for the benefit of the mortgagee, and as an insurance upon his interest as mortgagee, and not as an insurance upon the property generally; although the doctrine has been questioned in *King* v. *State Mutual Ins. Co.* (7 Cush., 1, § 2); Phil. on Insurance, §§ 1512, 1712; *Kernochan* v. *N. Y. Bowery Fire Ins. Co.* (17 N. Y., 428); *Roberts* v. *Traders' Ins. Co.* (17 W. R., 631); *Carpenter* v. *Washington Ins. Co.* (16 Peters, 495); *Tyler* v. *Ætna Ins. Co.* (12 W. R., 507); and S. C., 16 W. R., 385, per Chancellor.

If, then, the mortgagor, who was the party primarily insured, could not, for any reason have enforced the policies, and recovered thereon for his own benefit, either as owner or as having an insurable interest as the mortgagor, personally liable for the payment of the mortgage debt, he is precluded, by the terms of the policies, from claiming the benefit of the insurance in satisfaction of the mortgage debt, and the insurers are entitled to be subrogated to the rights of the mortgagee. The mortgagee was equitable assignee of the policies, containing a provision which, upon the happening of certain events, should absolutely vacate and avoid the insurance as of the property generally and as a contract of indemnity to the mortgagor, and resolve it into an insurance of the interest of the mortgagee as such, and make it a personal contract with her, in which the mortgagor would have no interest. (Per SHAW, C. J., *King* v. *State Mutual Fire*

*Ins. Co.*, 7 Met., 1; Per Story, J., *Columbia Ins. Co.* v. *Lawrence*, 10 Peters, 507.) Ferris, the grantee of the premises and owner of the equity of redemption, can, as the representative and equitable assignee of Allen, claim no greater rights under the policies than his grantor and assignor, Allen, could have claimed. (*Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 N. Y. R., 391.)

The policies were made and accepted by Allen, the insured, with full knowledge of and subject to all the terms and conditions expressed therein, and he had personal knowledge of every fact and circumstance affecting their validity existing at the time they were made, and was a party, and assenting to every act which has been alleged as breaches of the conditions of the policies, and as avoiding them as to him, and all (except the mortgagees) claiming under him. One of the conditions of each of the policies was, that in case of any change or transfer of title in the property insured, the policy should be void and cease. A contract of insurance, like every other contract, must be so construed as to give effect to the intent and understanding of the parties, and the language employed must be taken in its ordinary popular sense, unless it appears to have been used in a technical sense, or custom, or usage has impressed a different meaning upon it. (1 Phil. on Ins., §122, and see *Whiton* v. *Old Colony Ins. Co.*, 2 Met., 1; *Mutual Safety Insurance Co.* v. *Hone*, 2 Comst., 235.) Every part of a policy should be read and construed in obedience to this rule. There was a change and transfer of the title of the property, which was the subject of the insurance after the insurance was effected, and before the loss. If the words employed were used in their popular sense, this condition of the policy was violated, and the policy as an insurance of the property, generally, and for the benefit of the mortgagor and owner ceased. Had the parties intended only to provide for a change in, or transfer of the interest of the assured, which in one sense is "the property assured," it may be assumed that language more appropriate to express the idea would have been chosen. An insurable interest

may exist without any estate or interest in the corpus of the thing insured. As guarantor of the mortgage debt, person-ally liable for its payment, Allen probably had an insurable interest in the buildings upon the mortgaged premises. (*Gordon* v. *Massachusetts Fire and M. Ins. Co.*, 2 Pick., 249.) But it was an interest that would not ordinarily and popu-larly be classified as " property ;" and any change in such insurable interest, would not be spoken of as a change in, or transfer of title.

The insurable interest would cease by a discharge of liabi-lity for the mortgage debt. " Title " has respect to that which is the subject of ownership, and is that which is the founda-tion of ownership, and with a change of title, the right of property, the ownership passes. " Property " is a thing owned, that to which a person has, or may have a legal title. Both words are inappropriate to describe the insurable interest which exists solely by reason of the personal liability of the insured for the payment of a sum of money charged upon the building of goods insured. The word " property " may have different meanings depending upon the connection in which and the purposes for which it is used, as indicating the inten-tion of the parties. In *Whiton* v. *Old Colony Ins. Co.* (2 Met., 1), it was used as a part of the description of the sub-ject matter of the insurance, and was held to include current bank bills, as within the intention of the parties as manifested by the contract and the circumstances under which it was made. Acting upon the same principle of interpretation, it was held that an insurance of property did not cover freight, except as it was to be paid by a specific portion of lumber which was on board the vessel, and which the assured, as car-rier, was to receive for freight. It was held that the contract gave the insured an interest in that part of the cargo coming within the term property, but that the freight upon the other parts of the cargo was not within the term as used. (*Wiggin* v. *Mercantile Ins. Co.*, 7 Pick., 271.) To the same effect in *Holbrook* v. *Brown* (2 Mass., 280). In the clause prohibiting double insurance, the prohibition is generally in terms so

restricted in its application that " property " can mean nothing else but the interest of the assured, whatever that may be. As in the Massasoit policy before us, the condition is, " if the *insured* or his assigns shall hereafter make any other insurance on the *same property,*" etc., thus preventing a double and possibly fraudulently excessive insurance of the same interest. Neither the policy of the law or the contracts of insurance forbidding, but permitting as many several insurances upon the same property as there are separate insurable interests. As mortgagor and mortgagee have several interests in the same property, and each may insure to the extent of his interest, the insurances will not be double, and neither will be in violation of the clause forbidding other insurances. Both will be valid.   The policy of the law is to prevent insurances in excess of the value of the thing insured in favor of the same party and against the same risks, and hence the restrictive clause, whatever its form, unless its language clearly demands a different interpretation, should be held as operative to this extent only, and the term *property* in such clause means the interest of the assured. (2 Phil. on Ins., § 1250; *The Traders Ins. Co.* v. *Robert,* 17 W. R., 631; *Godin* v. *London Assurance Co.,* 1 Burr, 489; *Mutual Safety Ins. Co.* v. *Hone,* 2 Comst., 235.)

The interest of Allen by reason of his personal liability for the mortgage debt, was properly insured by an insurance of the property, and it was not necessary that the particular interest should be specified.   It was enough that he had a pecuniary interest in the preservation and protection of the property and might sustain a loss by its destruction.   Neither was it necessary that the nature of the interest should be disclosed to the insurers. (*Tyler* v. *Ætna Ins. Co.,* 12 W. R., 507.)   When the word property is used in the clause forbidding alienation, it is used to designate the thing insured, and not the interest of the insured.   Where a special interest, rather than the general property, is the subject of insurance, no such condition is necessary to the protection of the insurer, for the reason that with a loss of interest the insurance ceases

(*Carpenter* v. *Washington Ins. Co., supra*), and an interest in the policy does not pass by a transfer of the interest insured. (*Columbia Ins. Co.* v. *Lawrence*, 10 Peters., 507 ; 1 Phil. on Ins., § 86.)   But if the owner is insured generally and transfers the property, retaining a lien for the purchase-money or other special interest, the insurance will continue to the extent of the interest remaining in the insured, if it does not contravene some condition of the policy.   (1 Phil. on Ins., §§ 89, 90, 880.)   As some evidence of the sense in which the term property is used in the clause under consideration, it is worthy of remark that when the policy is upon a special interest, as in favor of a mortgagee, and it is designed to save the policy from the effect of a breach of the condition forbidding a change of title, it is done by a special clause of exception, as in this case and in *Graves* v. *Hampden Fire Ins. Co.* (10 Allen, 281).

The policies before us are, in form, upon the property generally, and in favor of Allen as owner.   In one of the policies the insurance is in his favor "as owner," and in both it is "upon *his* two four-story brick stores," etc., and the insurers had, as found by the judge on the trial, no notice or knowledge of any conveyance of the property by Allen.   The insurers only knew Allen as owner, and the policies must be interpreted as if they were upon the interest of Allen as owner, and upon the property generally, in fact as they were in form.   They were, then, insurers of Allen as owner and Miss Williams as mortgagee, to the extent of her mortgage debt, and both interests are represented and cared for in the policies.

The change or transfer of title in the property insured intended in the clause under consideration, was the title, the ownership of the thing insured, and upon such transfer or change the policy ceased and became void as to the principal party insured, and, but for the saving clause in favor of the mortgagee, would have been void as to her. (*Grosvenor* v. *Atlantic Fire Insurance Company*, 17 N. Y., 391 ; and see *Jackson* v. *Massachusetts Mut. F. Ins. Co.*, 23 Pick.,

418; *Tillou* v. *The Kingston Mut. Ins. Co.*, 1 Seld., 405.) The case last cited may be regarded as greatly shaken, if not overruled, by *Grosvenor* v. *Atlantic Fire Ins. Co.*, *supra*, so far as it sustained a policy in favor of the mortgagee and equitable assignee, which could not have been enforced by the mortgagor or assignor, but upon the other points decided it has not been questioned. In the elementary treatises this clause is treated as relating to a transfer or alienation of the insured subject, the thing insured (1 Phil. on Ins., § 880), and the question has been as to what has constituted an alienation. (See cases cited in 1 Phil. on Ins., *supra*, in notes.)

The change of title to the property by the conveyance to Ferris was a breach of the condition which avoided the policies as to Allen, the mortgagor. It is first provided that upon an assignment without consent of the whole policies, or of any interest in them, the liability of the insurer shall cease, and then follows the very general clause prohibiting "any sale, transfer or change of title in the property;" and by another clause in the policies, it is provided that if the mortgagee should neglect to notify the insurers of any *change of ownership of the property insured.* after the same should come to her knowledge, the policy should be void; all indicating clearly that the parties used the term property in its popular sense, and that the change of title referred to was of the thing insured, of which the mortgagee might have no knowledge, and not of the mortgage interest, of which she would necessarily have knowledge.

The mortgagor could not have recovered upon the policies, and it follows that he is not entitled to have the moneys paid under the policies to the mortgagee, applied to the satisfaction of the mortgage.

The judgment should be affirmed with costs.

Grover and Peckham, JJ., concurred in the result, on the ground that Allen was insured as owner when he was not such owner, and that the special interest should have been disclosed and stated in the policy.

Church, Ch. J., did not vote.   All the other judges concurring.

Judgment affirmed.