Br the Court.—Speir, J.—Among
the multitude of provisions in and connected with the policy in this case, and by which the defendants have attempted to •shield themselves from liability, the following need only be considered.
The policy provides that persons sustaining loss or damage by fire shall forthwith give notice of said loss to the secretary of the company, and, within thirty days after said loss, shall render to the secretary a particular account of such loss, signed and sworn to by them, stating any and what other insurance has been *228 made on the same property, giving copies of the written portions, &c. &c.
It is claimed on the part of the défendant that these conditions as to giving noticq forthwith to defendant’s secretary and serving within thirty days after the fire a particular account of loss, &c., were not complied with as to time.
The defendant was a Pennsylvania company, and in July, 1873, when the policy was issued, Chamberlain & Co. were its local agents at New York, who countersigned it. The renewal of the policy, which was in force at the time of the fire was also countersigned by the agents in New York. On January 23, 1875, nine days after the time limited by the policy had expired, Mr. Clinch, the plaintiff’s attorney, served a particular, verified account of loss on defendants at the New York agency of the company. The defendants’ witness testified when the proof of loss was served upon the defendants they immediately answered “that the proofs of loss were too late, and that they would notify them in a few days.” The plaintiff’s witness testified that the defendants stated at the time these papers were served that “ they would not accept them as proof of loss.” On January 27,1875, two days after the service, the agents addressed a note to the plaintiff’ s attorney stating ‘ ‘ that the papers purporting to be proof of loss from Henry McDermott, of Par Rock-away, L. I., left at their office January 23, 1875, were too late. ’ ’ The proofs of loss remained in the continued possession of the defendants.
It is not claimed that the plaintiff gave notice of the loss by fire forthwith to the secretary of the defendant’s company, as required by the policy, or any notice whatever, excepting the account of loss, which was served thirty-nine days after the fire.
There can be no question that the notice of loss by fire to be forthwith given to the secrétary of the com *229 pany, and the service upon defendant, within thirty-days after the loss, of a particular account verified by the plaintiff, of other insurance made on the same property, are conditions precedent. Whether the plaintiff has entered into an improvident contract or otherwise, has nothing to do with the case. It is sufficient that the insurer and insured have agreed upon the terms of the contract, and its validity must be upheld by force of these terms and conditions. If lawful in themselves, whether reasonable or unreasonable, the parties alone must determine. In this respect contracts of insurance, like other written instruments, are construed to give effect to the intention of the parties as indicated by the language employed by them (Phil. on Ins. § 122; Springfield F. and M. Ins. Co., 43 N. Y. 394). When the language used is susceptible of different constructions, it is undoubtedly the duty of the court to "give to the stipulations a fair and reasonable interpretation. Here there is no ground for a difference of opinion as to the positive purport and meaning of these provisions.
The plaintiff requested the court to submit the question to the jury whether there was a waiver of these provisions.
Upon an attentive review of the case I can find no evidence of a waiver of these conditions by the defendant. It does not appear that the plaintiff and defendant had any negotiation or communication whatever with each other or their agents, directly or indirectly, in relation to the matter, until the expiration of thirty-nine days after the fire. The defendant had not done or said anything before the thirty days had elapsed which could justify the plaintiff in believing that proof of loss would not be required, and thereby cause him to omit serving the same in time. In retaining the account of the proofs of loss there certainly was no waiver of the condition. At the time of serving the *230 verified account required by the policy upon the defendant, the plaintiff had forfeited his rights under the policy. There can be no waiver of a condition precedent except there be in the case an element of estoppel (Underwood v. Farmers’ Joint Stock Ins. Co., 57 N. Y. 506). In Ripley v. Ætna Ins. Co., 30 N. Y. 136, the rule is laid down by Mullen, J. He says: “It seems to me that a waiver, to be operative, must be supported by an agreement founded on h valuable consideration; or, the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract or forfeiture of condition.”
Judgment should be ordered for defendant on the verdict, with costs.
Sanford, J., concurred.