## BRENTMAN *v.* NOTE.

*(City Court of New York, Trial Term. January 21, 1889.)*

LIBEL AND SLANDER—SLANDER OF PROPERTY—WHAT ACTIONABLE.

Where a binding contract for the sale of certain property has been made, and the purchaser is induced to refuse to complete the purchase by reason of slanderous words uttered concerning the property by a third person, the vendor cannot main-tain an action for slander against such third party. His remedy is on the contract of sale.

Action by Henry Brentman against Henry Note. Plaintiff alleged that he had agreed to sell an interest he had in a house, together with the furniture in it, for $600, and that the purchaser had paid $10 to bind the bargain; and that by reason of false reports made by the defendant concerning the property, to the effect that the house was in bad condition, the furniture broken and dam-aged, and part of it had been moved away, etc., the purchaser refused to comply with his contract. Plaintiff subsequently sold the property to another person for $400, and now seeks to recover the sum of $200 from defendant.

*A. P. Wagner*, for plaintiff. *Max Bayersdorfer*, for defendant.

McADAM, C. J. The language used does not relate to the plaintiff's trade or calling, and is not actionable *per se*. Words to be defamatory should affect some person. Sometimes an attack upon a thing may be an indirect attack upon an individual. Thus, an action will lie for slander of title to real or per-sonal property; but the plaintiff, to recover, must allege and prove special damages, (*Like* v. *McKinstry*, *43 N. Y. 397; *Bailey* v. *Dean*, 5 Barb. 297; *In re Madison Ave. B. Church*, 26 How. Pr. 72; Bigelow, Cas. Torts, 42; *Gott* v. *Pulsifer*, 122 Mass. 235; *Swan* v. *Tappan*, 5 Cush. 104; *Malachy* v. *Soper*, 3 Bing. N. C. 371; *Hill* v. *Ward*, 13 Ala. 310; *Paull* v. *Halferty*, 63 Pa. St. 46;) and to do this it is generally necessary for the plaintiff to allege and prove that he was in the act of selling his property, either by public auction or private treaty, and that the defendant by his words prevented an intended purchaser from bidding or competing. Odger, Sland. & Lib. 138; Folk. Starkie, Sland. § 128.

In this case, the slanderous words were not uttered until after a purchaser had been secured and a binding contract of sale made. This circumstance defeats the action. There is no doubt but that, where one is prevented from selling property by the impertinent interference of another, he may maintain an action for the inconvenience suffered; but where there has been a contract made 'for the purchase of the property, and the purchaser refuses to comply on account of the misrepresentations, the remedy of the vendor is on the contract. *Morris* v. *Langdale*, 2 Bos. & P. 284; *Paull* v. *Halferty*, 63 Pa. St. 46. The reason is obvious. If the interference drives the customer from making a contract, the only remedy the injured owner has is against the wrong-doer,—the intermeddler,—but if the customer enters into a binding contract of purchase, and is afterwards induced to decline performance by the false reports of another, these will neither excuse performance by the purchaser, nor furnish him any defense to an action founded on the contract, and the law supposes that in such an action the plaintiff will receive a full indemnity. *Morris* v. *Langdale, supra.* An action cannot be supported for telling a bare, naked lie, where no loss or damage is caused by the lie; but if it is attended with damage, it then becomes the subject of an action. Wood, Add. Torts, § 38, and cases cited. It must be a direct pecuniary damage, however, (*Like* v. *McKinstry*, 41 Barb. 186, affirmed *43 N. Y. 397; *Kendall* v. *Stone*, 5 N. Y. 14; *Linden* v. *Graham*, 1 Duer, 670,) for this is the measure and limit of recovery.

The complaint alleges that the defendant told a falsehood to the purchaser, which may have inconvenienced and disappointed both of the contracting parties, but it in no way affected their legal rights; and there is no method of computing specific damages as the proximate cause of the particular wrong complained of. The defendant did not break off negotiations or treaties pending. The transaction had passed this stage. The negotiations had already ripened into a valid contract of sale, and the purchaser had bound himself to perform. Performance was not optional, but obligatory. The plaintiff could have maintained an action against his vendee for the recovery of the unpaid purchase money, with interest; or he might, at his election, and on proper notice to the purchaser, have sold the property on his account, charging the purchaser with the difference between the sum he agreed to pay and the net amount realized on the resale. *Crooks* v. *Moore*, 1 Sandf. 297; *Pollen* v. *Le Roy*, 30 N. Y. 549. By pursuing either of these available remedies no loss could have fallen on the plaintiff, so that it is difficult to discover how he suffered any special pecuniary damage by the act of the defendant. The plaintiff could not recover the same damage twice; first from the purchaser, and again from the defendant. The plaintiff thought best to drop the innocent purchaser, and pursue the liar. He could not create a new right of recovery in this way. It seems just, but it is not legal. He should have pursued the purchaser, and recovered his loss, leaving the latter to pursue the defendant, as a malicious intermeddler, if he thought him worthy of pursuit, and answerable in damages. There always have been and always will be pestiferous intermeddlers that are difficult to reach by legal process, and there is no legal principle upon which the defendant can be made liable in this instance for the undue freedom of his tongue. If the contract of sale had not been executed, and the defendant had, by his malice, frightened off persons who, in consequence, declined to become purchasers of the property, a different question would have arisen, and a case of liability made out.

Special damages, as applicable to this case, embrace only those injuries which must be compensated for by the defendant, or be wholly lost. They could not be superadded to the damages recoverable from the purchaser, for these would have fully compensated the plaintiff for every possible loss. If the words had been actionable *per se*, a different rule would have been applicable; but special damages are in their nature compensatory to make good

some specific loss, and none would have been suffered here if the plaintiff had
pursued his proper legal remedy. It follows that the motion to dismiss the
complaint must be granted, with costs.