By the Court.—Dugro, J.
The stipulation between the parties reads, “***** it was considered by both parties that if the decision of this (the superior) court in the steamship company’s *89 case, holding that the vessel was a total loss, should be affirmed by the court of appeals, the plaintiff herein would then be entitled to recover, if J. L. Tobias had an insurable interest in the vessel, and it was thereupon agreed that * * * * * the question of J. L. Tobias’ insurable interest in this case, should be reargued at the general term, and that the decision of the general term on such re-argument should be final, so far as the plaintiff was concerned. * * * * *
“ Whereupon it is agreed that this cause be re-argued at general term on the question of J. L. •Tobias’ insurable interest, &c.”
The only question, therefore, before this court is : Did Tobias have an insurable interest ? If he did, the decision of the general term on this question by a fair interpretation of the stipulation is to be final in regard, to the appeal.
The defendant in the statement on his brief says, Upon March 15, 1879-, the appellant, The Commercial Mutual Insurance Company, issued to one Joseph L. Tobias a policy of insurance upon the steamer “ Falcon ” for the sum of $1,000.
Tobias was, at the time of effecting this insurance, a stockholder in the Merchants’ Steamship Company, which then owned the steamers “ Sea Gull ” and “ Falcon.”
Accepting this as a correct statement of the facts, I think Tobias had an insurable interest in the vessel; for he had such an interest in it as that by its destruction he would suffer pecuniary loss. Seaman v. Enterprise Co., 18 Fed. Rep. 250 ; 21 Ib. 778. An insurable interest may exist without any estate or interest in the corpus of the thing insured. Springfield Fire and Marine Insurance Co. v. Allen, 43 N. Y. 389, 395-6.
The question is one of damages rather than title or possession, and it will be enough if such a rela *90 tion exists between the assured and the property that injury to it will, in natural consequence, be loss to him. And it is not necessary to show that the insured is the legal or equitable owner. Rohrbach v. Germania Fire Ins. Co., 62 N. Y. 47.
That the policy runs to the plaintiff, and by its terms insures his interest in the vessel (he being neither legally nor equitably the owner of the vessel), does not prejudice the plaintiff’s claim.
There is no doubt what property the plaintiff and defendant meant to insure, or that it was that which was destroyed. Rohrbach v. Germania Fire Ins. Co., supra, p. 60.
With this opinion I think the judgment appealed from should be affirmed.
Sedgwick, Ch. J., and Truax, J. concurred.