## INSURANCE PAYABLE TO MORTGAGEE.

Circuit Court of Ashtabula County.

OHIO FARMERS' INSURANCE COMPANY v. ERIE BREWING COMPANY ET AL.

Decided, September, 1907.

*Fire Insurance—Mortagee not Bound by Appraisal and Award made by Insurance Company and Mortgagor without his Knowledge, When—Proper Procedure by Mortgagee.*

A mortgagee who holds a policy of insurance issued to the mortgagor, which provides that in case of loss there shall be an appraisal and award, with the usual mortgage clause attached, "loss if any payable to the mortgagee as his mortgage interest may appear, and further in substance, that the insurance as to the interest therein of the mortgagee, should not be invalidated by any act or neglect of the mortgagor, is not bound by an appraisement and award made by the mortgagor and insurance company without the knowledge of the mortgagee. In such case where the mortgagee repudiates the appraisement and award made by the mortgagor and insurance company it is the duty of the mortgagee to demand an appraisal and award before insisting upon the payment of the loss to him, either by original action or by cross-petition in an action brought by the mortgagor.

*Elliott, Betts & Mooney,* for plaintiff.
*Allen M. Cox,* for defendant insurance company.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Bridget Cullen was the owner of a parcel of real estate upon which there was a mortgage for a considerable amount. Two policies of insurance were taken out by her, one in the Ohio Farmers' Insurance Company and the other in the Columbia. These policies were endorsed in the ordinary manner, "loss if any payable to the mortgagee."

The mortgage was assigned by the mortgagee to the Erie Brewing Company and the policies delivered by the mortgagee to it. When the policies expired, new policies were issued in the name of Bridget Cullen by the insurance companies for seventeen hundred and fifty ($1,750) dollars each, and the one issued by the Ohio Farmers' Insurance Company, is the one in controversy. This policy provided that, "the loss if any should be payable to the Erie Brewing Company," and further had the following endorsement known as the standard mortgage clause, "it is hereby specially agreed that this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured." The building was partially destroyed by fire and after the fire Bridget Cullen entered into an agreement with the two insurance companies for an appraisement of the loss without the knowledge of the brewing company, and the appraisers fixed the amount of the loss at about twelve hundred ($1,200) dollars and rendered an award for the same.

The amount due the brewing company upon its mortgage was over twenty-four hundred and fifty ($2,450) dollars and it claimed the amount of the loss was from eighteen hundred to two thousand dollars.

The Ohio Farmers' Insurance Company failing to pay the amount of the award, Bridget Cullen brought suit against it on the award making the Erie Brewing Company a party defendant. The brewing company filed an answer and cross-petition setting up the facts herein set forth and insisting that it

was not bound by the award agreed upon by the insurance company and the owner and mortgagor of the property and asking judgment for the full amount of the actual loss. The mortgagor took no further action in the suit after the filing of the petition, and the case was tried alone on the cross-petition of the brewing company. The court charged the jury that the brewing company was not bound by the award and the jury returned the verdict against the insurance company for $1,049.41, being one-half of the actual loss with interest, the other half to be paid by the Columbia Insurance Company.

The principal question that is made in the case is: Did the court commit error in its charge to the jury upon this question? It has been generally held in cases of mere endorsement upon a policy "loss if any payable to the mortgagee," that the contract is still with the mortgagor and is for the insurance of his interest, and the holder of the policy by such endorsement takes such policy subject to all the conditions of the policy as to non-occupancy, increase of hazard, other insurance, alienation, etc. Jones on Mortgages, Section 406.

But would this rule apply as to the settlement of the amount of the loss after fire? It would seem that it should not, as it would be unjust to the mortgagee. They select the appraisers and the mortgagor under certain circumstances might not feel inclined to get the full amount of the loss or at least to insist upon the same.

In Jones on Mortgages, Vol. 1, Section 409 (5th Edition), it is said:

"It is well settled that a mortgagee to whom a loss is payable is not bound by an adjustment to which he is not a party and is made without his knowledge and consent and that an adjustment made only by the insurer and mortgagor is without effect as to the mortgagee."

But in this case the mortgage clause provided:

"It is hereby specially agreed that this insurance as to the interest of the mortgagee only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured."

By this provision no act of the mortgagor could affect the interest of the mortgagee in the insurance. The insurance company must deal directly with the mortgagee. The full amount of the loss must be paid to him at least up to the amount of his claim and he settles with the mortgagor (Jones on Mortgages, Vol. 1, Section 409, 5th Edition). In such case it is precisely the same as if the mortgagee had taken out a policy in his own name to secure his interest, a separate and distinct contract between him and the insurance company. Such was the holding in the case of *Hastings et al* v. *Westchester Fire Insurance Company*, 73 N. Y., 139.

In that case "the policy contained a clause declaring in substance that in case of other insurance the insured could only recover upon the policy its proportionate share of any loss." In an action upon the policy, held "that the mortgage clause operated as an independent insurance of the mortgagee's interest; it gave them the same benefit as if they had taken out a separate policy, free from the conditions imposed upon the owner and making them responsible only for their own acts; and that therefore the clause of the policy limiting defendant's liability in case of other insurance did not apply as the mortgagees had procured no other insurance, and plaintiffs were entitled to recover the whole loss without regard to the additional insurance procured by S."

In the opinion, on page 150, it is said:

"The rules laid down in the authorities cited have no application, however, to a case where a provision has been inserted in the policy which places the mortgagee upon another and a different footing from that of a mere assignee or appointee to receive a loss. The mortgage clause was agreed upon for this very purpose, and created an independent and a new contract, which removes the mortgagees beyond the control or the effect of any act or neglect of the owner of the property, and renders such mortgagees parties who have a distinct interest separate from the owner, embraced in another and a different contract. The tendency of the recent cases is to recognize these distinctions, and thus protect the rights of the mortgagee when named in the policy, and the interest of the owner and of the mortgagee are regarded as distinct subjects of insurance." *Excelsior*

*Fire Ins. Co.* v. *Royal Ins. Co.,* — N. Y., 343; *Springfield Ins. Co.* v. *Allen,* 43 *Id.,* 392.

We are therefore of opinion upon principle and authority the charge of the court was correct.

Another question however that presents itself is: That if by such endorsement upon the policy it made the contract of insurance a separate and distinct one between the mortgagee and the insurance company the same as if the interest of the mortgagee, had been insured by a separate policy, what right had the mortgagee to insist upon the payment of the loss or bring suit for the same until it had demanded an appraisement of the loss? It was bound by all the requirements of the policy that it was required to perform; and if the manner of ascertaining the amount of the loss was one of such requirements, no suit could be brought until the mortgagee procured an award or ascertainment of the loss by appraisers or showed a legal excuse therefor, the loss being a partial one. 75 Ohio State, 374.

Why was not the provision for an appraisement binding upon the mortgagee? If, as said, it was equivalent to a separate policy upon its interest, surely it could not insist upon the payment of the loss until the amount was ascertained in the manner provided by the policy.

The brewing company repudiated, as it had a right to do, the appraisement made by the insurance company and the mortgagor, but the insurance company had the right to an appraisement and award and the mortgagee could not deprive it of such right.

We are therefore of opinion that the brewing company had no right to proceed upon its cross-petition until such appraisement and award was demanded or a legal excuse given why' it was not done. The cross-petition shows no such demand or excuse; neither does the evidence.

For this reason the judgment of the common pleas court must be reversed and the case remanded for such further proceedings as may be required by law.