## LEWIS, Jr., v. NEW ENGLAND FIRE INS. CO.

*(Circuit Court. D. Vermont.* December 29, 1886.)

FIRE INSURANCE — POLICY — FORFEITURE — SOLE, UNCONDITIONAL FEE-SIMPLE OWNERSHIP—CONTRACT FOR PURCHASE—DEED NOT PASSED.

A policy-holder who holds the property insured under a contract for its sale and conveyance to him by the owner in fee-simple by deed of quitclaim, on payment of the purchase money named therein, and who has fully paid the purchase money, but has not yet received the deed, is the sole, unconditional, and fee-simple owner of the property, within the meaning of the usual condition in insurance policies, rendering the policy void in case the assured is not the sole and unconditional owner of the property insured, and owns it in fee-simple at law.

At Law.

*William G. Shaw,* for plaintiff.

*Joel C. Baker,* for defendant.

WHEELER, J. This is an action on a fire insurance policy in which the defendant, on various conditions, insured the plaintiff against loss by fire or lightning on his steam saw and stave mill. The policy was to become void if, among other things, the assured was not the sole and unconditional owner of the property, or if any building intended to be insured stood on ground not owned in fee-simple by the assured, or if the interest of the assured was not truly stated in the policy, unless consent in writing should be indorsed by the company thereon. The defendant has, by plea, set out these conditions, and alleged, in substance, that the plaintiff had no title or right to the property insured, or the ground on which it stood, except by virtue of a contract in writing between him and the owner of the property in fee-simple, signed by both, by which the owner agreed to sell, transfer, and convey by deed of quitclaim to the plaintiff all the property in consideration of the full and complete payment of three notes of the plaintiff described, possession of the property, and full payment of the notes by the plaintiff, with failure to deliver the deed, without fault or neglect of the plaintiff. To this plea the plaintiff has demurred, and the cause has now been heard on this demurrer. The question raised by this demurrer is whether, on these facts, the plaintiff became the sole and unconditional owner of the property insured, and the owner in fee-simple of the land. If he did not, as there was no consent in writing on the policy, it was by its terms void.

According to these allegations, the plaintiff had bought the property, including the land, of the owner in fee-simple,—had paid for it, and got it. There was no condition about the manner of his acquiring it, by which he could be disturbed in his possession and enjoyment of it. No one is shown to have any color of claim whatever but the holder of the prior legal title, and he had left in him the bare record title without ownership. In equity the plaintiff could successfully resist any attempt on his part, by legal proceedings or entry, to deprive the plaintiff of the property or land, or of their possession. The plaintiff so had and held

the property that he could defend his right to and possession of it against all the world. This is nothing less than sole and unconditional owner-ship. By the terms of the contract, the property, including the land, was to be conveyed to the plaintiff. This would signify that the whole interest in the whole was to be conveyed, and the contract could not be answered by the conveyance of a mere life-estate, leaving the remainder in him who had agreed to convey the whole. Nothing short of a deed to the plaintiff and his heirs would be a fulfillment. The plaintiff therefore held the whole for his heirs, and his heirs, forever, all of whom are included within himself, as well as for himself. His estate would descend to his heirs, and it was the whole interest in the land and property.

"Tenant in fee-simple is he which hath lands or tenements, to hold to him and his heirs, forever." Litt. § 1; Co. Litt. 1*a.* The title by which they are held is immaterial. The description is answered if he hath them to so hold. The estate in the land, and the title by which the estate is held, are distinct from each other. 1 Washb. Real Prop. *c.* 3, pl. 4. By statute in Massachusetts a person, "having an estate of inheritance or freehold in any town," with certain conditions, gained a settlement in that town. It was held that a mere equitable estate rest-ing on a bond for a deed was sufficient to give a settlement under this statute. *Orleans* v. *Chatham*, 2 Pick. 29; *Scituate* v. *Hanover*, 16 Pick. 222. And a person occupying land without title, but whose possession was protected by the statute of limitations only, was held to have an estate of inheritance so as to gain a settlement if the other conditions were fulfilled. *Brewster* v. *Dennis*, 21 Pick. 233. In Vermont a pau-per is not removable from his freehold, and a mere equitable freehold is sufficient to prevent removal. *Walden* v. *Cabot*, 25 Vt. 522.

The object of these and similar conditions in this and like policies is to make sure that the person seeking insurance is the real and substan-tial owner of the property, or interest in it, on which he intends to ob-tain insurance, and thereby to prevent wagering policies and fraudulent losses. The state of the title otherwise than in this view is not material. Therefore, in actions on policies of insurance, the person having the whole interest, has been held to be the true owner. *Hough* v. *Insurance Co.*, 29 Conn. 10; *American Basket Co.* v. *Insurance Co.*, 3 Hughes, 251; *Franklin Fire Insurance Co.* v. *Crockett*, 7 Lea, 725; *Gaylord* v. *Insurance Co.*, 40 Mo. 13; *Pelton* v. *Insurance Co.*, 77 N. Y. 605; *Insurance Co.* v. *Simons*, 96 Pa. St. 527; *Chase* v. *Insurance Co.*, 22 Barb. 535; *Insurance Co.* v. *Dougherty*, 102 Pa. St. 568; *Insurance Co.* v. *Haven*, 95 U. S. 242; *Carrigan* v. *Insurance Co.*, 53 Vt. 418.

The cases cited in behalf of the defendant do not appear to be to the contrary. In *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. 42, and *Smith* v. *Insurance Co.*, 6 Cush. 448, the condition of the bond for a deed to the assured had not been complied with. These are the most directly in point of any that have been noticed.

Demurrer sustained. Plea adjudged insufficient.