Gorman, J.
Decision on motion for new trial.
This action was brought by Moses Little to recover the sum of $500 on a fire insurance policy issued to him by the defendant company July 1, 1907, for a period of one year. The loss within the year was total, the building having been destroyed by fire. The facts in the case as brought out by the evidence are as follows:
About twenty ;or twenty-two years ago one Harry M. Caldwell was the owner of several lots-in the village of Hartwell in Oxley’s subdivision. One of these lots upon which the house was built, for which the policy of insurance in -the case at bar was issued to indemnify against loss, Caldwell contracted to sell either to the plaintiff, Moses Little, or to his wife. There is a conflict of testimony as to whether it was to the husband or the wife. About a year after the contract of sale was made, which contract was in writing but never recorded, a house was built upon the lot. There was a conflict of testimony as to whether the house was paid for by Moses Little or his wife. Little and his daughter testified that the entire purchase price ($200) was paid. Caldwell in his deposition says that it was not .all paid. After the fire the attorney for Moses Little undertook to prepare and file proofs of loss, but the proof was objected to by the adjuster for the defendant company, .especially on the ground that the title of Moses Little was not shown. There never was any deed delivered from Caldwell to either Moses -Little or his wife for the lot. They lived in the premises for more than twenty years—occupied it as their own and claimed it to be their own. In 1901 Caldwell deeded this lot, among others-, to the National Building Association of this city to secure it for a debt which he owed the building association. The legal title to the lot has since been vested in this building association, but it is admitted by the attorney for the building association that its only interest in the lot is a lien for moneys due from Caldwell.
*379 The insurance policy issued to Moses Little on the building contains among other things, the two following conditions:
“■This policy shall be void if the interest of the insured in the premises be other than sole and unconditional.”
And again:
‘ ‘ This policy shall be void if the building insured stands upon ground not owned by the insured in fee simple. ’ ’
At the close of the plaintiff’s testimony upon a motion to arrest the case and instruct the jury to return a verdict for the defendant, the court granted the motion, upon the belief that the plaintiff’s interest in the premises was not sole and unconditional, and further that he did not hold in fee simple the premises on which the house stood.
The court is of the opinion that the proof of loss is sufficient, or if not sufficient, that any shortcomings therein had been waived by the defendant company by not objecting that the proof of loss was defective on other grounds than that the title was not properly shown to be in the plaintiff, Moses Little.
The court is of the opinion, upon due consideration of the authorities, that he committed an error in taking the case from the jury, and that a motion for a new trial should be granted.
It has been held in numerous authorities that it is not necessary for the insured to hold the legal title to the premises upon which the insured building stands in order to constitute the insured the sole and unconditional owner. It has been held that an equitable interest merely in the real estate is sufficient to meet the requirements of a policy that the insured is the sole and unconditional owner. Clement on Fire Insurance, Yol. II, p. 157; Rule 15, and authorities cited thereunder.
Yol. XIII, American & English Encyclopaedia of Law, p. 232, where the doctrine is laid down as follows:
“It is not necessary that the insured have a deed or paper title if his equitable interest is in extent equal to a fee simple.”
It has also been held by numerous authorities that one who is in possession of real property under a contract of purchase and is not in default in the payments provided for in the contract, is *380 in equity the owner of the land, and hence, entitled to insure as sole and unconditional owner. And this is true whether the purchase price has been paid or not, inasmuch as the unpaid portion of the purchase price is only an incumbrance on the property ; but .the contrary view has been held in some jurisdictions.
We think, however, that the greater weight of authority is in favor of the rule stated in Rule Y, p. 183, Yol. II, Clement on Fire Insurance:
‘ ‘ An equitable interest or title in fee simple may be the equivalent of ownership in fee within the meaning of the policy; the condition does not absolutely require legal title to be in the insured. ” (Citing numerous authoritiés.) •
The cases which most strongly support the rule that it is not necessary for the insured to hold legal title in order to come within the provisions of the condition of sole ownership and ownership in fee simple, are:
Swift v. Vt. Insurance Co., 18 Vt., 305. In this case the insured had merely a contract of purchase. The policy contained a provision that it should be void if the interest of the insured was not sole and unconditional, or if his interest in the land was other than in fee simple. Held that the policy was not avoided and that the insured in fact had no less an estate in the premises than a fee simple.
Lewis, Jr., v. New England Fire Insurance Co., 29 Fed., 496. The policy contained a provision that it would be void if the assured was not the sole and unconditional owner, or if the building stood on ground not owned in fee simple by the insured. The insured had no legal title, but only a contract in writing between him and the owner whereby the owner agreed to sell and convey by quit-claim deed. The purchase money was all paid and the insured was in possession. Held that the insured was the sole and unconditional owner in fee simple.
In Capital City v. Caldwell Bros., 95 Ala., p. 77, the policy provided that if the exact interest of the insured in the property be not truly stated the policy should be void. The application formed part of the policy. The statement in the application was that the insured owned in fee simple. They did not have the legal title at all. One of the insured had an equitable fee simple *381 title in the lot, but he held no conveyance or written evidence of title. The other insured had no interest at all in the land, but only an interest in the building insured. Held: That the title was sufficient in an action on the policy and that the insured might testify in such a ease that he bought and owned the property without producing his deed or proving payment of the purchase money.
Phoenix Insurance Company v. Bowdre, 67 Miss., 620. The policy contained a provision that if the interest of the insured be other than absolute fee simple it must be so represented to the company and so expressed in writing, or the policy would be void. The legal title was in one Merryweather, and not in the insured, and no disclosure of this fact was made. Held:% That the title of the insured was sufficient in an action on the policy to satisfy the condition of an absolute fee simple title.
Security Insurance Co. v. Kuhn, 207 Ill., 166. The policy contained a provision that if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned in fee simple' by the insured, the policy would be void. The interest of the insured, to-wit, under the will of her husband was an equitable estate for life, the legal title being vested in the executors under the will. Held: That the insured, the widow, was the sole and unconditional owner of the property in fee simple, and could maintain an action on the policy.
Imperial Fire Insurance Co. v. Dunham, 117 Pa. St., 460. The policy contained a provision that the same should be void if the interest of the assured was other than sole and unconditional ownership, or if the building insured stood on ground not owned in fee simple. The insured had a contract to purchase the land only and the purchase money was unpaid. Held: That the assured was such an owner in fee simple and that the policy was not void.
To the same effect are the cases of Elliott v. Ashland Ins. Co., 117 Pa. St., 584; Millville Mutual Ins. Co., v. Wilgus, 88 Pa. St., 107
Hough v. The City Fire Ins. Co., 29 Conn., 10. The policy contained a provision that if the interest in the property to be *382 insured be not absolute the policy should be void. The defendant insurance company contended that this meant a fee simple title. The only title which the insured had was a contract by which another held the property for him in trust. Held: That the insured’s title was sufficient to meet the requirements of the policy of sole and unconditional ownership in fee simple.
Mallory v. Frey, 21 App. Cases (D. C.), 106. The policy contained a provision that it should be void if the owner was not the sole and unconditional owner, or if the building stood upon ground not owned by him in fee simple. The insured did not hold the legal title, only an equitable title. Held: That his title was sufficient to meet the requirements of the policy.
The Supreme Court of Ohio has not passed upon this question clearly in any case that this court has found, but in the case of Lorillard Fire Ins. Co. v. McCullough, 21 O. S., 176, the court comes very nearly holding that an equitable interest under a contract of sale with the legal title outstanding in a person other than the insured is sufficient. In that case a written application was made by the assured, and this written clause was made a part of the policy; among other things there were several questions submitted to the assured and answers made by him thereto. One of the questions was: “Is any other person interested in the property? If so, state the interest?” The answer to this question was “no.”
The court on page 179 says:
“It is, perhaps, not seriously denied that the interest of the defendant in error in the property was an insurable interest. That it was such, we have no doubt. The ground relied upon for the avoidance of the policy is an alleged breach of warranty, consisting in the fact that the answers given to the questions contained in the written application were not full answers, and also in the fact that they were false. ’ ’
Held: That the answers were not false; that the answers disclosed that the insured had an equitable title which the court held to be sufficient to meet the requirements of the answer that no other person was interested in the property.
The court in the case above cited (88 Pa. St., 107) in defining what is meant by an absolute fee simple title, used this language:
*383 ‘ ‘ The plaintiff’s title was an equitable one, but it nevertheless vested in him the entire unconditional ownership subject to the payment of the balance of the purchase money. This balance was practically an incumbrance. It is true the legal title was in the vendors but they could use it only to enforce the payment of the price agreed upon. In this respect it is exactly the ease of a mortgage which vests the legal title in the mortgagee for the same purpose.”
In the case at bar the legal title is in the building association, subject to the equities of Moses Little or his wife as the case may be, and the building association is making no claim to any other interest than that it holds a lien for a part of the unpaid purchase money.
Little and his family occupied the premises for twenty years, or'almost twenty years, before the loss occurred, and claimed it as their own. Under such a state of facts and under the authorities cited, the court is of the opinion that it should have allowed the case to go to the jury to determine whether the property was Moses Little’s or his wife’s, inasmuch as there was a conflict of testimony upon that question.
It is contended, however, that whatever may be the rule in other states as to the meaning of sole and unconditional ownership and a fee simple title, our Supreme Court has held that a person who has an equity in property with the legal title outstanding in another, is hot the sole and unconditional owner and owner in fee simple, unless all the purchase money has been paid, and several Ohio authorities are cited by counsel for defendant to support his contention, notably: Lefferson v. Dallas, 20 O. S., 68; Jaeger v. Hardy, 48 O. S., 335; Mutual Aid, etc. Co. v. Gashe, 56 O. S., 273, and Coggshall v. Bank, 63 O. S., 88.
This last ease seems to be the strongest in favor of defendant, if it does favor his contention.
The court has carefully read these authorities, and especially the last one cited, and is of the opinion that the rule therein laid down does not affect the question under consideration. In the last case cited, 63 O. S., 88, the court had under consideration the question of whether or not the interest of the holder of a legal title who had made a contract to sell the same for' a stipu *384 lated sum and only a part of the purchase price had been paid, had such an interest in the land as could be seized in attachment or levy. The court, Judge Spear, announcing the opinion, held that under Section 5524, Revised Statutes, the order of attachment became effective upon any interest which the vendor held in the land which was not exempt by law from being applied to the plaintiff’s claim.
The court is of the opinion that these cases do not change the rule laid down • as to what constitutes sole and unconditional ownership in fee simple within the meaning of a standard fire insurance policy; and further that if there were any defects in the proof of loss, they were waived by the defendant company by objecting only to the part relating to the title of the property.
There are many other cases which the court has not cited, both upon the question of sole and unconditional ownership and on the matter of proofs of loss, but we do not think it necessary to multiply .these authorities inasmuch as we are clearly of the opinion that the court committed an error in sustaining the defendant’s motion to take the case from the jury.
Motion for a new trial will therefore be granted.